UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

**NORTHWEST AIRLINES, INC.,**

        Plaintiff,

v.

**EDWARD THOMAS KENNEDY,**

        Defendant.

Civil No. 03-871 (MJD/JGL)

**ORDER**

---

APPEARANCES

Jeffrey Eyres, Esq., for Plaintiff Northwest Airlines, Inc.

Edward Thomas Kennedy, pro se

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before United States Chief Magistrate Judge Jonathan Lebedoff on September 16, 2003 on Plaintiff's Motion for Summary Judgment (Doc. No. 10).  The matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and D. Minn. LR 72.1.

**I.      INTRODUCTION**

On August 20, 2002, Defendant Kennedy sent Northwest Airlines, Inc., ("Northwest") a purportedly "self-executing" contract entitled, "Notice by Written Communication / Security Agreement."  In the security agreement, Kennedy claimed copyright and trademark rights in the name, "EDWARD THOMAS KENNEDY."  Kennedy asserts that the contract both grants him a

SEP 2 6 2003

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

security interest in all of Northwest's property in the amount of $500,000 for each allegedly unauthorized use of his name and authorizes him to foreclose on Northwest's property if it fails to pay his invoices within twenty days.

On September 5, 2002, Northwest received a document from Kennedy entitled "Invoice" and containing an accounting of unauthorized-use fees incurred by Northwest. (Miller Aff. at ¶¶ 4, 5.) That invoice states that Northwest owes Kennedy $3,000,000 based on six alleged unauthorized uses of Kennedy's name on August 7, 2002. The invoice does not specify, and Northwest does not know, how or where the company allegedly used Kennedy's name. On September 10, 2002, Northwest received a second invoice from Kennedy, this time by certified mail, which contained the same accounting of unauthorized-use fees as the 9/5/02 invoice. (See Miller Aff. at ¶ 6.)

On September 11, 2002, Kennedy filed a UCC Financing Statement ("UCC-1") with the Minnesota Secretary of State's Office. (See Eyres Aff. at ¶ 2.) The UCC-1 purports to create a perfected security interest in all of Northwest's assets. (Id.)

Northwest received by certified mail from Kennedy a document entitled, "Notification of Proposal of Full Strict Foreclosure," ("Foreclosure Notice") on November 26, 2002. (See Miller Aff. at ¶ 7.) The Foreclosure Notice purports to provide Northwest with notice of default under the Agreement, and states that Kennedy is entitled to take possession of Northwest's assets to

-2-

satisfy the unpaid unauthorized-use fees. (Id.)

On December 20, 2002, Northwest sent Kennedy a cease and desist letter by certified mail, return receipt requested, informing him that Northwest had not consented to the security agreement and requesting his assistance in removing the allegedly improperly filed security interest. (See Eyres Aff. at ¶ 3.) The letter was addressed to Kennedy at the mail address identified in the security agreement, both invoices, and the UCC-1. Kennedy has failed to sign for the letter and has not terminated the UCC-1. (Eyres Aff. at ¶ 4.)

Kennedy has sent additional, virtually identical "self-executing" contracts and invoices to officers and directors of Northwest and the company's outside counsel in this litigation. Among the recipients to date are Northwest officers and board members Richard C. Blum, Phillip Haan, Bernard Han, Douglas Steenland and Gary Wilson, and outside counsel Jeffrey A. Eyres, Timothy P. Griffin, and Daniel Oberdorfer. (Eyres Aff. ¶ 6; Miller Aff. ¶ 8.) On July 7, 2003, Northwest's attorneys received several additional invoices purporting to set forth an accounting of the usage fees due to Kennedy from Northwest and its attorneys. The first invoice is directed to Northwest and claims $17,000,000 in usage fees. The second invoice is directed to attorney Jeffrey A. Eyres and claims $4,000,000 in usage fees. The third invoice is directed to attorney Timothy P. Griffin and claims $4,000,000 in usage fees.

(Eyres Aff. Ex. D.)

Northwest's attorneys also received correspondence from Kennedy on July 7, 2003, stating his intent to take two week interviews "under oath" of all Northwest's "management and non-management officers." (Eyres Aff. Ex. F.) In his July 7 correspondence, Kennedy also represented that he would bring a claim against Northwest's attorneys based upon their representation of Northwest in this action. (Id.)

The Minnesota Attorney General's office, on behalf of the Minnesota Secretary of State, has agreed to implement any order from this Court directing the Secretary to terminate the UCC-1. (Eyres Aff. Ex. G.)

Northwest moves for summary judgment, an injunction against Kennedy, an order expunging the financing statement from the Secretary of State's active records, and damages for Kennedy's allegedly unlawful filing of, and refusal to terminate, the UCC-1 financing statement. The Court addresses the non-dispositive aspects of Northwest's motion in this Order. Northwest's dispositive motion is addressed in an accompanying Report and Recommendation.

## II.  DISCUSSION

Northwest requested the Court to order the Minnesota Secretary of State to expunge the financing statement from the Secretary's active records

-4-

because that interest was improperly filed. However, Northwest provided no legal basis for such an order. The Court feels that this matter is better left for Northwest to raise with the Secretary of State upon conclusion of these proceedings.

Northwest requests that statutory costs of $500 be assessed against Kennedy as a consequence of his impermissible UCC-1 filing and failure to remove that filing. See Minn. Stat. § 336.9-625(e)(3) (2002). The assessment of damages are within the Court's discretion, and the Court denies Northwest's request.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Northwest's request for statutory costs (raised in Doc. No. 10) is **DENIED**.

Dated: September 26, 2003

JONATHAN LEBEDOFF
Chief United States Magistrate Judge